KIM & BAE P.C.
Farzad Ramin
Leigh Smith
Attorneys for Plaintiffs
2160 North Central Road Suite 303
Fort Lee, New Jersey 07024
Tel: (201) 585-2288
Fax: (201) 585-2246

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

| | |
|---|---|
| GEFERSON OSWALDO AND JOSE MAYANCELA on behalf of themselves and all others similarly situated, | Civil Action No.: 1:18-cv-3140 |
| Plaintiffs, | **FLSA COLLECTIVE ACTION and NEW YORK CLASS ACTION COMPLAINT** |
| -against- | |
| SEUNGHO KIM, JEEWHA KIM, DELTA CONTRACTING, INC., JOHN AND JANE DOES 1-10, and XYZ CORPS 1-10, | JURY TRIAL DEMANDED |
| Defendants. | |

------------------------------------------------------X

Plaintiffs, GEFERSON OSWALDO and JOSE MAYANCELA, on behalf of themselves and all others similarly situated, by and through their attorneys, Kim & Bae, P.C., complaining of the Defendants, SEUNGHO KIM, JEEWHA KIM, and DELTA CONTRACTING, INC. (collectively referred to as "Defendants"), hereby allege as follows:

## NATURE OF THE ACTION

1. This action is brought to recover unpaid minimum and overtime wages, spread-of-hours pay, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201--19 ("FLSA"), and the New York Labor Law ("NYLL") §§ 190 *et seq.* on behalf of the employees who worked for Defendants.

2. Defendants systematically and intentionally ignored the requirements of the FLSA and NYLL. Plaintiffs seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for unpaid minimum and overtime wages, spread-of-hours pay, liquidated damages, compensatory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391. All facts alleged in this Complaint occurred at the construction/contracting company operated by Defendants, which is located in the Eastern District of New York.

## PARTIES

5. The Plaintiff, Geferson Oswaldo, is an individual who resides at 37-33 80th Street, Apt. A26, Jackson Heights, New York 11372.

6. The Plaintiff, Jose Mayancela, is an individual who resides at 104-64 43rd Avenue,

4th Floor, Corona, New York 11368.

7. The Defendants, Seungho Kim and Jeewha Kim, husband and wife, are individuals who reside at 252-24 Leith Road, Little Neck, New York 11363, in the County of Queens, City and State of New York and are the owners of Delta Contracting, Inc.

8. The Defendant, Delta Contracting, Inc., is a New York corporation, licensed to do business in the State of New York with its principal place of business 4301 37th Street, Long Island City, New York 11101, in the County of Queens, City and State of New York.

9. Defendants employed Plaintiffs as laborers. Plaintiffs performed a diverse range of construction and/or contracting tasks at Defendants' various construction projects.

10. Plaintiff Geferson Oswaldo worked for Defendants from April 2001 until approximately June 2016.

11. Plaintiff Jose Mayancela worked for Defendants from January 2010 to approximately November 2014.

12. Defendant Delta Contracting, Inc. has employees engaged in commerce or in the production of goods for commerce and selling and/or was otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13. Defendant Delta Contracting, Inc. is an "enterprise engaged in commerce" within the meaning of the FLSA.

14. Upon information and belief, Delta Contracting, Inc. has annual gross revenue in excess of $500,000.

15. Throughout Plaintiffs' employment, Defendants Seungho Kim and Jeewha Kim hired and fired employees, directed the manner in which employees performed their daily duties and assignments, and established and implemented the pay practices and work and scheduling

policies at Delta Contracting, Inc and XYZ Corps. Defendants Seungho Kim and Jeewha Kim exercised sufficient control over Delta Contracting, Inc. and XYZ Corps. to be considered Plaintiffs' employers for purposes of the FLSA and the NYLL.

16. XYZ Companies (Fictitious Names, Nos. 1-10), John Does and Jane Does (Fictitious Names, Nos. 1-10), are fictitious defendants whose identities are unknown to Plaintiffs at this time and who, upon information and belief, are liable in damages arising out of tort or contract to the Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

17. The claims in this Complaint arising out of the FLSA are brought by Plaintiffs on behalf of themselves and similarly situated persons (i.e., laborers, construction workers, contractors, etc.) who are current and former employees of Defendants since the date three years prior to the filing of this action who elect to opt-into this action (the "Delta Employees").

18. Delta Employees consist of approximately 60 employees who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum wages, overtime wages, and other wages that they had earned.

19. Delta Employees consist of employees who, during their employment with Defendants, worked all day shifts performing grueling manual labor, including but not limited to, construction work, carpentry work, contracting, electrical work, and any number of additional manual labor tasks, and fall into the category of non-exempt, non-managerial employees.

20. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Delta Employees by engaging in a pattern, practice, and/or policy of violating the FLSA and NYLL. This policy and pattern or practice includes, inter alia, the

following:

    a.    failing to keep accurate records of hours worked by Delta Employees as required by the FLSA and the NYLL;

    b.    failing to pay Delta Employees minimum wages for all hours worked;

    c.    failing to pay Delta Employees overtime pay for all hours worked over forty hours per week;

    d.    failing to provide every Delta Employees with pay stubs and/or paying employees in cash or "under the table"; and

    e.    failing to pay Delta Employees spread-of-hours compensation of one hour's pay at the minimum wage for each day in which their workday spanned more than 10 hours.

21. Defendants have engaged in their unlawful conduct pursuant to an admitted and openly stated policy of minimizing labor costs and denying employees their compensation, instead of paying a fair wage.

22. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to the Delta Employees.

23. Delta Employees would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. Those similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## **PLAINTIFFS' EMPLOYMENT WITH DEFENDANTS**

24. From the period beginning in or about 2001 and continuing until June 2016, Plaintiff Geferson Oswaldo, worked for Defendants for six days each week. He was scheduled to work from 7:00 a.m. until 5:30 p.m. Monday through Friday and on Saturdays from 8:00 am to 3:30 pm without a scheduled break or lunch (10 hours per weekday). Despite a set schedule of 60

hours, for which Plaintiff never received any overtime pay, Plaintiff routinely worked in excess of 10 hours per day, 6 days per week.

25.     From the period beginning in or about 2010 and continuing until November 2014, Plaintiff Jose Mayancela, worked for Defendants for six days each week. He was scheduled to work from 7:00 a.m. until 5:30 p.m. Monday through Friday and 8:00 am to 3:30 pm on Saturdays without a scheduled break or lunch (10 hours per weekday). Despite a set schedule of 60 hours, for which Plaintiff never received any overtime pay, Plaintiff routinely worked in excess of 10 hours per day, 6 days per week.

### Defendants failed to pay minimum and/or overtime wages and failed to provide paystubs or other required notices.

26.     Plaintiffs, Geferson Oswaldo and Jose Mayancela, both received weekly lump sum payments of $650 throughout the length of their respective employments.

27.     All Plaintiffs (and all Delta Employees) were always paid in cash.

28.     Plaintiffs never received any overtime compensation for the hours over 40 that they worked every week.

29.     The Defendants did not provide paychecks or paystubs to Plaintiffs.

30.     The Defendants did not provide Plaintiffs with notices informing them of, *inter alia*, their rate of pay at the time of hiring or at any time during their employment with Defendants.

### FIRST CAUSE OF ACTION
(Fair Labor Standards Act – Unpaid Minimum Wage)

31.     Plaintiffs repeats and re-allege the foregoing allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32.     Defendants are employers within the meaning of 29 U.S.C. §§ 201, *et seq*.

33. Defendants were required to pay Plaintiffs and Delta Employees the applicable minimum wage rate for each hour that they worked.

34. Defendants failed to pay Plaintiffs and Delta Employees the minimum wages to which they were entitled under the FLSA.

35. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the Delta Employees.

36. As a result of Defendants' willful violations of the FLSA, Plaintiffs and the Delta Employees have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
(New York Labor Law – Unpaid Minimum Wage)

37. Plaintiffs repeat and re-allege the foregoing allegations contained in paragraphs 1 through 36 as if fully set forth herein.

38. Defendants are employers within the meaning of the NYLL § 190 and supporting New York State Department of Labor Regulations, NY Lab L §§ 651(5) and 652.

39. Defendants failed to pay Plaintiffs and the Delta Employees the minimum wages to which they were entitled under the NYLL.

40. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs and the Delta Employees minimum hourly wages.

41. As a result of Defendants' willful violations of the NYLL, Plaintiffs and the

Delta Employees have suffered damages by being denied minimum wages in accordance with the NYLL in amounts to be determined at trial and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs of this action.

### THIRD CAUSE OF ACTION
(Fair Labor Standards Act – Unpaid Overtime)

42. Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs 1 through 41 as if fully set forth herein.

43. Defendants were required to pay Plaintiffs and the Delta Employees one and one-half (1.5) times their regular rate of pay for all hours worked in excess of 40 hours in a workweek pursuant to the overtime wage provisions of 29 U.S.C. § 207.

44. Defendants failed to pay Plaintiffs and the Delta Employees the overtime wages to which they were entitled under the FLSA.

45. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs and the Delta Employees overtime wages.

46. Due to Defendants' violations of the FLSA, Plaintiffs and the Delta Employees are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

### FOURTH CAUSE OF ACTION
(New York Labor Law – Unpaid Overtime)

47. Plaintiffs repeat and re-allege the foregoing allegations contained in paragraphs 1 through 46 as if fully set forth herein.

48. Under the NYLL and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiffs and the Delta Employees one and one half

(1.5) times the regular rate of pay for all hours that they worked in excess of 40 in a workweek.

49. Defendants failed to pay Plaintiffs and the Delta Employees the overtime wages to which they were entitled under N.Y. Labor Law § 652, in violation of 12 CRR-NY 142-2.2.

50. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs and the Delta Employees overtime wages.

51. Due to Defendants' willful violations of the NYLL, Plaintiffs and the Delta Employees are entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

### FIFTH CAUSE OF ACTION
(New York Labor Law – Spread-of-Hours Pay)

52. Plaintiffs repeat and re-allege the foregoing allegations contained in paragraphs 1 through 51 as if fully set forth herein.

53. Defendants willfully failed to pay Plaintiffs and the Delta Employees additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten hours.

54. By Defendants' failure to pay Plaintiffs and the Delta Employees spread-of- hours pay, Defendants willfully violated the NYLL Article 19, §§ 650-65, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 142-2.18 and 146-1.6.

55. Due to Defendants' willful violations of the NYLL, Plaintiffs and the Delta Employees are entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

## SIXTH CAUSE OF ACTION
(New York Labor Law – Wage Theft Prevention Act)

56. Plaintiffs repeat and re-allege the foregoing allegations contained in paragraphs 1 through 55 as if fully set forth herein.

57. The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay. From its enactment on April 9, 2011 through 2014, the Wage Theft Prevention Act also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment.

58. The NYLL and WTPA also require employers to provide employees with an accurate wage statement each time they are paid.

59. Throughout Plaintiffs' employment with Defendants, Defendants paid Plaintiffs and the Delta Employees without providing wage statements accurately listing: the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

60. Defendants never required Delta Employees to complete any tax or immigration status paperwork, including, but not limited to W4 forms, at the time of hire.

61. Plaintiffs and the Delta Employees were required to come to Defendants' office to pick up an envelope of cash weekly, at which time they would sign their signatures on a piece of paper to confirm receipt of their cash stipend. No documentation or pay stubs were ever provided to Plaintiffs or the Delta Employees.

62. In violation of NYLL § 195, Defendants failed to furnish to Plaintiffs and the Delta Employees at the time of hiring, whenever there was a change to their rates of pay, and

on or before February 1 of each year of employment through 2014, wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

63.     Defendants failed to furnish Plaintiffs and the Delta Employees with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

64.     Due to Defendants' violation of NYLL § 195(1), Plaintiffs and each member of the Delta Employees are entitled to recover from Defendants liquidated damages of $50 per day that the violation occurred, up to a maximum of $5,000 (per employee), reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

65.     Due to Defendants' violation of NYLL § 195(3), Plaintiffs and each member of the Delta Employees are entitled to recover from Defendants liquidated damages of $300 per workweek that the violation occurred, up to a maximum of $5,000 (per employee), reasonable

attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully requests that this Court enter a judgment:

- a. authorizing the issuance of notice at the earliest possible time to all Delta Employees who were employed by Defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

- b. declaring that Defendants have violated the minimum and overtime wage provisions of the FLSA and the NYLL;

- c. declaring that Defendants have violated the spread-of-hours pay provisions of the NYLL and New York State Department of Labor Regulations;

- d. declaring that Defendants violated the notice provisions of the NYLL and WTPA;

- e. declaring that Defendants' violations of the FLSA and NYLL were willful;

- f. enjoining future violations of the FLSA and NYLL by Defendants;

- g. awarding Plaintiffs damages for unpaid minimum and overtime wages, unlawfully retained gratuities, and spread-of-hours pay;

- h. awarding Plaintiffs liquidated damages in an amount equal to two times the total amount of the wages found to be due pursuant to the FLSA and the NYLL;

- i. awarding Plaintiffs liquidated damages as a result of Defendants' failure to furnish wage statements and annual notices pursuant to the NYLL;

- j. awarding Plaintiffs pre- and post-judgment interest under the NYLL;

- k. awarding Plaintiffs reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

- l. awarding such other and further relief as the Court deems just and proper.

–13–

Dated: May 29, 2018
      Fort Lee, New Jersey

    KIM & BAE, P.C.
*Attorneys for the Plaintiff*

By:   /s/ Farzad Ramin
Farzad Ramin
Leigh Smith
2160 North Central Road
Suite 303
Fort Lee, New Jersey 07024
Tel.: (201) 585-2288
    -and-
45 Rockefeller Plaza, Suite 2000
New York, NY 10111
*\*Please serve all papers at Fort lee, NJ address*