

**LISA M. CASA, ESQ.**
LCASA@FORCHELLILAW.COM

February 21, 2020

**VIA ECF**

Honorable Robert M. Levy, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    **Response to Plaintiffs' Request for a Telephone Conference**
               **Oswaldo v. Seung Ho Kim, et al.**
               **Case No. 18-cv-3140**

Dear Judge Levy,

      Our office is counsel to defendants, Seungho Kim, Jeewha Kim and Delta Contracting, Inc. ("Delta Contracting") (collectively, "Defendants") in the above referenced matter. We respectfully write in response to Plaintiffs' request for a telephone conference [ECF No. 30] regarding the terms of the parties' settlement agreement. Plaintiffs' allegations that the parties have reached an "impasse" regarding settlement is nothing more than an effort to renegotiate the terms of the settlement that was reached during the January 7, 2020 mediation, and to force Defendants to enter into a settlement agreement that is against the requirements of both *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015) and the regulations of the Internal Revenue Service.

      At the January 7, 2020 mediation, the parties entered into a settlement agreement. The material terms of the parties' agreement were memorialized in a short form agreement, which was executed by both Plaintiffs and Defendants. As Plaintiffs commenced this action under the Fair Labor Standards Act and New York Labor Law, seeking, among other relief, recovery of unpaid overtime wages, liquidated damages and attorneys' fees, the parties' short form agreement provided that the settlement monies would be "paid on W2 & 1099, as agreed in long form Agreement." A copy of the parties' short form agreement is annexed hereto as **Exhibit A**.

      Following the January 7, 2020 conference, Plaintiffs' counsel prepared a long-form agreement that unilaterally and materially changed the tax treatment of the settlement monies agreed upon at the January 7, 2020 mediation. Instead of allocating the settlement monies between W2 wages (from which withholdings would be deducted) and 1099 liquidated damages (from which withholdings would not be deducted), Plaintiffs' counsel proposed that all settlement monies be paid in one lump sum to Plaintiffs' counsel's firm and subject to 1099 tax

Honorable Robert M. Levy
February 21, 2020
Page 2

treatment. Not only is this payment provision a material change to the parties' short form settlement agreement, it is also against the requirements of *Cheeks* and the Internal Revenue Service, which both provide that in a settlement of a claim for unpaid wages, a portion of the settlement must be allocated as wages and provide for the appropriate deductions and withholdings.[1] While Defendants have repeatedly requested Plaintiffs' counsel to allocate the settlement amount between both Plaintiffs, and to apportion the settlement amount between W2 and 1099 – in accordance with the fully executed short form settlement and have provided legal support for Defendants' position – Plaintiffs' counsel has refused.

Plaintiffs' counsel's refusal to allocate the settlement amount between W2 and 1099 and provide the appropriate withholdings is improper on its face and unacceptable. Further, Plaintiffs' proposal to indemnify Defendants with respect to any potential liability arising from Plaintiffs' proposed allocation of settlement monies is hollow, particularly if Plaintiffs do not possess the financial wherewithal to indemnify Defendants.

While Defendants do not oppose Plaintiffs' counsel's request for a telephone conference, Defendants are unable to agree to enter into a settlement agreement that is counter to the material terms that were already agreed to by all parties and is palpably improper.

Respectfully submitted,

Forchelli Deegan Terrana LLP

By: _____/s/_____
Lisa M. Casa, Esq.

cc: Jason Mizrahi, Esq. (via ECF)

---

[1] The IRS guidance regarding the Income and Employment Tax Consequences and Proper Reporting of Employment-Related Judgments and Settlements is set out in the Office of the Chief Counsel Internal Revenue Service Memorandum is annexed hereto as **Exhibit B**.